SARAH MUIR'S ADMR. *v.* CHARLES D. MUIR.

May Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed October 11, 1915.

*Deeds—Suit to Set Aside—Sufficiency of Evidence—Grantee's Knowledge of Incompetency—Immaterial Requested Findings.*

In a suit in equity by an administrator to set aside a deed of his intestate because of her incompetency when she executed it, evidence *held* to warrant the finding that the grantee then knew of the grantor's unsoundness of mind.

Where an administrator, who brought a bill in equity to set aside a deed of his intestate because of her incompetency when she executed it, expressly disclaimed before the master the theory that it was a creditors' bill, although it contained allegations indicating that it was brought in behalf of the creditors, and defendant did not claim that its allegations were insufficient to sustain the findings on the theory of intestate's incompetency, failure of the master to find the amounts and dates of intestate's indebtedness was immaterial.

APPEAL IN CHANCERY, Windsor County, June Term, 1914, *Waterman,* Chancellor. Heard on the pleadings, master's report, and exceptions thereto by both parties. Orator's exception sustained, those of defendant overruled, and decree for orator. The defendant appealed. The opinion states the case.

*Stickney, Sargent & Skeels* for the orator.

*Rufus E. Brown* and *Sherman R. Moulton* for the defendant.

POWERS, J. This is a bill brought by an administrator to set aside a deed executed by his intestate. The findings make short work of the defence, unless a way is pointed out in the

defendant's brief to avoid them, for the master reports that Mrs. Muir, the intestate, was, at the time in question, wholly incompetent to make the deed, or to ratify it thereafter; and that the defendant, at that time, knew that she was of unsound mind and incapable of transacting business or making a contract of any kind. If these findings are to stand, no question is made as to the correctness of the decree below, which was for the orator.

The defendant filed several exceptions to the master's findings, all of which were overruled. He briefs but two, and these alone are considered.

1. The defendant insists that there was no evidence before the master to justify the finding that the defendant knew that the intestate was of unsound mind. This claim is refuted by the transcript. There was evidence before the master warranting the conclusion that Mrs. Muir, at the time the deed was executed, was in a state of senile dementia that had progressed so far that she was nothing more than a muttering imbecile, and that this was observable from her appearance. The weight to be given this evidence and the considerations affecting the credibility of the witnesses giving it, were of course for the master to determine. That the evidence of this condition did not escape the defendant is significantly indicated by his own testimony, wherein he says that he asked her questions at the time, *to see if she knew what she was about.* Without saying that this admission, standing alone, would be sufficient to support the challenged finding, we hold that taken in connection with the other testimony as to the condition and appearance of Mrs. Muir, it is enough. Indeed, from a consideration of all the testimony, it is difficult for us to see how an impartial trier could reach any conclusion other than the one embodied in the report.

2. The defendant says that the master should have found the amounts and dates of the indebtedness of Mrs. Muir.

This claim is predicated upon the theory that this is a creditor's bill. But the orator expressly repudiated this theory before the master, and it was for this reason that he failed to find the facts referred to. It is true that allegations are to be found in the bill indicating that it was brought in behalf of creditors; but the defendant did not claim below, nor does he claim here, that the allegations are insufficient to sustain the case made by the findings. So we give no attention to that ques-

tion. It follows thaⱡ the facts referred to are immaterial, and this exception to the report was properly overruled.

*Decree affirmed and cause remanded.*